```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:07CV120-02-MU
                     (C-CR-52-3-MU)
```

| | | |
|---|---|---|
| LARRY GENE THOMPSON, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the petitioner's "Motion To Vacate, Set Aside Or Correct Sentence . . . ," filed October 29, 2007. For the reasons stated herein, the petitioner's entire Motion will be <u>dismissed</u> as time-barred.

### I.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record of the petitioner's underlying criminal case, on November 5, 1991, the petitioner (along with nine other men) was charged with conspiracy to possess with intent to distribute and to distribute more than 100 kilograms of marijuana, all in violation of 21 U.S.C. §§841(a)(1) and 846. On February 3, 1992, the petitioner entered into a written Plea Agreement by which he agreed to plead guilty to that charge.

To that end, on February 26, 1992, the petitioner appeared before the Court for a Plea & Rule 11 Hearing. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that he fully understood what he was doing,

and was proceeding on his own volition.  After hearing the petitioner's answers to its numerous questions, the Court found that his guilty plea was being intelligently and voluntarily tendered, and so the Court accepted the plea.

Thereafter, on June 2, 1992, the Court conducted a Factual Basis & Sentencing Hearing for the petitioner.  During that proceeding, the Court affirmed its acceptance of the petitioner's guilty plea.  Then, after hearing from the parties, the Court sentenced the petitioner to a term of 292 months imprisonment.  The Court's Judgment was filed on June 19, 1992.

Following the entry of that Judgment, the petitioner did <u>not</u> appeal his case to the Fourth Circuit Court of Appeals.  Rather, after waiting more than fifteen years, the petitioner has come back to this Court with the instant Motion to Vacate.  By this Motion, the petitioner argues that his former counsel was ineffective due to his simultaneous representation of the petitioner and one of the petitioner's co-defendants, without the petitioner's consent; that counsel was ineffective for having failed to "recuse himself" due to the subject conflict;  and that counsel was ineffective for having failed to "review the proper [m]andatory minimum sentences of the charge and . . . [having failed to have] the prior charge [that petitioner] received be a factor in this Court's ruling."  Further, the petitioner alleges that this Court committed error when it allowed former counsel to

2

labor under the alleged conflict of interest, without the petitioner's knowledge and approval. Nevertheless, notwithstanding whether or not the petitioner's claims have any merit, it is apparent that the instant Motion to Vacate is subject to dismissal as being time-barred.

## II. **ANALYSIS**

Indeed, as noted on the petitioner's form Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

   (1) the date on which the judgment of conviction
   becomes final;

   (2) the date on which the impediment to making a motion
   created by governmental action in violation of the
   Constitution or laws of the United States is removed,
   if the movant was prevented from making a motion by
   such governmental action;

   (3) the date on which the right asserted was initially
   recognized by the Supreme Court and made retroactively
   applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or
   claims presented could have been discovered through the
   exercise of due diligence.

As already noted, the Court entered its final Judgment on June 19, 1992, and the petitioner did <u>not</u> directly appeal his

3

case to the Fourth Circuit Court of Appeals. Accordingly, the petitioner's conviction and sentence became final on or about July 2, 1992--that is, at the expiration of the ten-day period during which he could have had his appeal noted. Fed.R.App.P.-4(b)(1); see Clay v. United States, 537 U.S. 522, 525 (2003).

However, in cases where the petitioner's conviction became final prior to the enactment of the AEDPA, Courts within this circuit have construed the AEDPA as providing for one year after enactment in which to file a Motion to Vacate. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998) (petitioner whose conviction became final before enactment of the AEDPA has a "reasonable period" of one year in which to file a petition for federal habeas relief). Accordingly, the petitioner had until April 24, 1997, in which to file the instant Motion to Vacate. Obviously, the petitioner did not file this Motion by that date.

The petitioner properly has recognized that his Motion to Vacate likely would be construed as time-barred. That is, the petitioner's form-Motion to Vacate expressly admonished[1] him that

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill's notice provision. The new form now includes a section which directs the petitioner to address the "timeliness of [his/her] Petition. In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth

4

if he were filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred.  Thus, the petitioner set out to establish that his claims somehow have been timely presented.  That is, the petitioner reports that his Motion to Vacate should not be construed as time-barred because:

> The [i]ncident was for not knowing the true
> rights.  The Defendant [t]rusted an Attorney
> that he paid a great deal of money too[sic]
> and was missrepresented[sic] by same Attorney.
> The [r]ights of a person should be completely
> informed to the Defendants while under repre-
> sentation, and should learn all their rights.
> But if a[n] Attorney is working two Defendants
> against each other then the [l]aw has to step
> in and correct this violation.  The Defendant
> was suffering major depression and attempted
> suicides[sic] which will be included in formal
> Motion.  And not mentally able to understand
> his rights of reason of proper Due Process
> of Law.  This is the reason for the lateness of
> this filing as he didn't know there was any-
> thing wrong.  He begs this Honorable Court to
> hear this Appeal on the Constitutional vio-
> lation of his Due Process rights and the
> [l]ength of his Sentence.  The Mandatory Mini-
> mum sentence should have been 5 years not 25
> years.  That is the error that must be cor-
> rected.

However, to the extent that this explanation even is decipherable, it clearly is not compelling.

Furthermore, a review of his Motion reflects that the petitioner's claims relate to matters of which he was or should have been aware at the time he was prosecuted and sentenced in

---

on the form] does not bar [your] motion."

this Court.  Likewise, the petitioner's claims do not relate to any intervening, retroactively applicable change in the law. Moreover, the petitioner has not demonstrated that any government misconduct impeded his filing this Motion prior to the date on which he filed it.  Therefore, the petitioner has failed to demonstrate any valid reason for construing the petitioner's filing deadline as commencing at any time later than the date on which this Court entered his criminal Judgment.  See 28 U.S.C. §2255, subparts 2 through 4.

Similarly, the petitioner has failed to show why his case should fall among those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him. Therefore, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled.  See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

### III.  CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute.  Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as

6

timely filed. Accordingly, the petitioner's Motion to Vacate shall be <u>dismissed</u> as time-barred.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: November 5, 2007

Graham C. Mullen
United States District Judge